JOHNSON v. STATE. (No. 6645.)*

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

1. Criminal law ⊚➡1120(4)—Bill of exceptions complaining of leading questions, but omitting answers, fails to present error.

No error is presented where bill of exceptions complaining that state asked leading questions sets out questions, but omits the answers.

2. Adultery ⊚➡14—Shown by evidence where defendant lived and occupied same bed with female.

Evidence held to show adultery where woman claimed by defendant to be his housekeeper lived in same house and was seen in bed with defendant.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Sylvester Johnson was convicted of adultery, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of adultery, and a fine of $150 assessed against him.

[1] The only bill of exception in the record complains that the state was permitted to ask a certain witness leading questions which are set out in the bill, but there is a total failure to show what answers, if any, were made by the witness. No error is presented. See cases collated under section 10, p. 134, Branch's Ann. Penal Code.

[2] The sufficiency of the evidence to sup-

port the conviction is questioned. Houston Wilson testified substantially that some time in April, 1921, he rented to appellant some land: that he was living in a house at Seguin at this time with two women, one of whom appellant introduced as his daughter, and the other, Nancy Lopez, he represented to be and introduced as his wife. The three of them then moved to Wilson's place, and lived there about one week, occupying the same house. Wilson called the woman Nancy, Mrs. Johnson, believing her to be appellant's wife, until he admitted to Wilson that she was not his wife, but that his wife was in Colorado county. During the time appellant was on his place Wilson had occasion to go early one morning to the house occupied by appellant, and saw him and Nancy occupying the same bed. At another time he camped near the house, spending the night, and saw the daughter in one of the rooms by herself, but did not at that time see the other woman in the room with her. Appellant (Nancy) and the daughter, as well as one other witness, denied all the criminative facts testified to by Wilson. They asserted that Nancy was appellant's housekeeper only, and that she and the daughter occupied one room, while appellant slept in the other. This raised an issue of fact which the jury alone was authorized to settle. If they believed Wilson's testimony (which evidently they did), it was sufficient to authorize the conviction. Stewart v. State (Tex. Cr. App.) 43 S. W. 979; Counts v. State, 49 Tex. Cr. R. 329, 94 S. W. 220.

The judgment will be affirmed.